**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

vs.                                                    CASE NO.  3:05-cr-159(S2)-J-32HTS

RONALD ROBERT EVANS, SR., et al.

_____

**O R D E R**

This cause is before the Court on the following matters:

1.      The Motion for Bill of Particulars (Doc. #129), which is **GRANTED** as to

paragraph 1(b); construed as discovery and **GRANTED** as to paragraph 1(a) and 6(ii) in that

the United States shall specify the locations encompassed by the term "elsewhere";

otherwise **DENIED**.

2.      The Motion to Compel Immediate Disclosure of Brady Material (Doc. #130),

which is **DENIED**.  It is noted the United States is obligated pursuant to Judge Corrigan's

Standing Order Pertaining to Discovery, Motions, Hearings, Conferences and Trial (Docs.

##15, 27; Standing Order) to provide materials required under *Brady v. Maryland*, 373 U.S.

83 (1963) (hereinafter *Brady*) "[n]ot later than five (5) working days before trial[.]" *Id.* ¶ II.E.

3.      Defendant Evans's Motion for Early Disclosure of Jencks Act Material (Doc.

#131), which is **DENIED**.  The Court strongly encourages the disclosure of Jencks Act, 18

U.S.C. § 3500 (hereinafter Jencks Act), materials at least five (5) working days before trial

in those cases where there are no witness safety concerns. Standing Order ¶ II.K. Counsel

for the government expressed at one of the defendants' arraignments that there may be

substantial concerns about witness tampering or witness influence in this case.  Thus, the

United States has agreed to provide Jencks Act materials "no later than the Thursday before the start of the trial of this matter."  Government's Consolidated Response to Defendant Evans, Sr.'s Discovery Motions (Doc. #171; Response) at 14.

4.      The Motion for Disclosure of Witness List (Doc. #132), which is **DENIED**. While witness lists must be provided at the commencement of trial, the parties should, if at all possible, "agree to a reciprocal witness list exchange five (5) working days before trial." Standing Order ¶ II.K.  Herein, while the government has stated there may be substantial concerns about witness tampering or influence, it has agreed to the furnishing of witness lists, on a reciprocal basis, the Thursday before the trial begins.   Response at 15. Additionally, the identity of some witnesses has no doubt been revealed in part by the voluminous discovery already provided by the United States.  *Id.* at 3, 4 (stating "more than 3500 pages of documents to each defense counsel" and substantial physical evidence has been made available for inspection).

5.      The Motion to Disclose Confidential Informants (Doc. #133; Motion to Disclose).   In determining whether the identity of a confidential informant should be disclosed, the Court must "balanc[e] the public interest in protecting the flow of information against the individual's right to prepare his defense."  *Roviaro v. United States*, 353 U.S. 53, 62 (1957).  Three factors should be considered in balancing these interests: 1) "the extent of the informant's participation in the criminal activity"; 2) "the directness of the relationship between the defendant's asserted defense and the probable testimony of the informant"; and 3) "the government's interest in nondisclosure."  *United States v. Gutierrez*, 931 F.2d

2

1482, 1490 (11th Cir. 1991) (quoting *United States v. Tenorio-Angel*, 756 F.2d 1505, 1509 (11th Cir. 1985)).

Here, Defendant has failed to provide the Court with an explanation of how the informant's participation related to the crimes charged or how any possible testimony by the informant would aid in preparation of a defense.  While Defendant has suggested the revelation of the "informant's identity will be relevant and helpful to the defense[,]" Motion to Disclose at 2, it is noted "[m]ere conjecture about the possible relevance of [the informant's] testimony is insufficient to compel disclosure."  *Gutierrez*, 931 F.2d at 1491.  Thus, the Motion to Disclose (Doc. #133) is **DENIED** without prejudice to the filing of a subsequent motion, if appropriate, that explains the necessity of revealing the informant's identity.

6.    The Motion to Compel Disclosure of Existence and Substance of Promises of Immunity, Leniency or Preferential Treatment (Doc. #134), which is **GRANTED**, excluding standard witness attendance fees and subject to the disclosure dates hereinafter established.

7.    The Motion for Disclosure of Criminal Record of Government Witnesses and Co-Defendants (Doc. #135; Motion for Records) which is **GRANTED** as to paragraph 1 limited to actual trial witnesses as required by *Brady* or Federal Rule of Evidence 609 and 2 limited to actual trial witnesses as required by *Brady* or as contemplated by Federal Rule of Evidence 608.  Otherwise, the Motion for Records is **DENIED**.

8.    The Motion for General Discovery (Doc. #136), which is **GRANTED** as to paragraphs 1, 2, and 3 as required by Federal Rule of Criminal Procedure 16(a)(1)(A) and (B); 4; 5; 6; 7; 8 to the extent the United States shall provide reasonable notice in advance

3

of trial, but in any event not later than ten (10) working days before trial, of the general nature of any evidence of other crimes, wrongs, or acts that it intends to introduce at trial against Defendant, either in its case-in-chief, for impeachment, or possible rebuttal, pursuant to Federal Rule of Evidence 404(b); 9 to the extent of convictions that may be used for impeachment as contemplated by Federal Rule of Evidence 609, limited to actual trial witnesses or as required by *Brady*; 10; 12 as required by *Brady* or Federal Rule of Criminal Procedure 16; 13 to the extent required by Federal Rule of Criminal Procedure 16 or the Jencks Act; 14 as required by *Brady* or the Jencks Act (although the United States has indicated it does not intend to use co-defendants' statements other than those made in furtherance of the charged conspiracy); 15 as required by *Brady* or Federal Rule of Evidence 608; 16 as required by *Brady* or Federal Rule of Evidence 609, limited to actual trial witnesses; 17 as required by *Brady*, limited to actual trial witnesses and to the extent known or, by the exercise of due diligence, may become known to the attorney for the United States, excluding standard witness attendance fees; 19 as required by *Brady* and to the extent known or, by the exercise of due diligence, may become known to the attorney for the United States, excluding any of which the witness is unaware; 21 as required by *Brady* or the Jencks Act; 22 as required by *Brady*; 23 and 24 as required by Federal Rules of Criminal Procedure 16 and 12(b)(4)(B), *Brady* or the Jencks Act; otherwise **DENIED**.

9.     The Motion for Notice by the Government of the Intention to Rely Upon Other Crimes Evidence (Doc. #137), which is **GRANTED** to the extent the United States shall provide reasonable notice in advance of trial, but in any event not later than ten (10) working days before trial, of the general nature of any evidence of other crimes, wrongs, or acts that

it intends to introduce at trial against Defendant, either in its case-in-chief, for impeachment, or possible rebuttal, pursuant to Federal Rule of Evidence 404(b); otherwise **DENIED**.

10.     Defendant's Motion for Production of Government Immunity Papers (Doc. #138), which is **GRANTED** limited to actual trial witnesses as to paragraphs 2(c) and 2(d); otherwise **DENIED**.  However, "to date, no witness in this case has been given or offered statutory immunity pursuant to the procedures set forth in 18 U.S.C. §§ 6002 <u>et seq.</u>, or otherwise."  Response at 12.

11.     The Motion to Disclose Psychiatric History and Other Matters Bearing on Competence of Government Witnesses (Doc. #140), which is **GRANTED** limited to actual trial witnesses as required by *Brady* and as known or, by the exercise of due diligence, may become known to the attorney for the United States; otherwise **DENIED**.

12.     The Motion to Interview Prospective Government Witnesses (Doc. #141), which is **DENIED**.  However, if any trial witness is subject to the exclusive control of the United States, *i.e.*, participation in a witness protection program or otherwise, the United States shall file a notice to that effect within five (5) days from the date of this Order. Following such filing and upon subsequent motion by Defendant, the Court will reconsider the request for interview of any witness so situated.

13.     The Motion for Disclosure of Electronic or Other Surveillance (Doc. #142), which is **GRANTED** as to paragraph 1(a) limited to the investigation of this case; 4; 7; otherwise **DENIED**.

14.     Defendant's Motion for Identification and Assurance of Production of Materials Which are Questionably Considered to be "Jencks Material" (Doc. #143), which is **DENIED**. However, the United States shall preserve all *Brady* or Jencks Act materials.

15.     The Motion for Notice by the Government of the Intention to Use Evidence Arguably Subject to Suppression (Doc. #144), which is **GRANTED** as required by Federal Rule of Criminal Procedure 12(b)(4)(B); otherwise **DENIED**.

16.     The Motion to Adopt Pre-trial Motions Filed by Co-defendant (Doc. #170), which is **GRANTED** and the rulings thereon shall relate to all Defendants to the extent applicable.

To the extent discovery materials have not otherwise been provided under the Standing Order and subject to any deadlines contained therein, the United States shall comply with this Order within ten (10) days.

**DONE AND ORDERED** at Jacksonville, Florida, this 18th day of November, 2005.

*/s/*          Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
      *pro se* parties, if any

6