**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

v.                                                              Case No. 3:05-cr-159-J-32HTS

RONALD ROBERTS EVANS, SR. and
JEQUITA DUMBAR EVANS

**ORDER[1]**

This case is before the Court on defendant Ronald Robert Evans, Sr.'s Second Motion to Sever Counts (Doc. 303) and Ronald Robert Evans, Sr.'s Supplemental Motion to Sever (Doc. 509), Ronald Robert Evans Sr.'s Motion to Dismiss Count Seven of the Third Superseding Indictment (Clean Water Act) (Doc. 491)[2], Ronald Robert Evans, Sr.'s Motion In Limine to Admit Result of Polygraph Test (Doc. 453), Ronald Robert Evans, Sr. and Jequita Dumbar Evans' Joint Objections to Magistrate Judge's Reports and Recommendations Regarding Motions to Suppress (Docs. 518, 476 & 495), Ronald Robert Evans, Sr.'s Motion to Permit Counsel to Meet with Ronald Robert Evans, Jr., a Person Represented by Counsel (Doc. 517), the

---

[1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it has been entered only to decide the motion or matter addressed herein and is not intended for official publication or to serve as precedent.

[2] The motion to dismiss was filed before the government returned the Fourth Superseding Indictment. The Clean Water Act count in the Fourth Superseding Indictment is Count V. Thus, as confirmed by defense counsel during the August 1, 2006 hearing, the motion to dismiss is directed to Count V of the Fourth Superseding Indictment.

government's Motion to Exclude Evidence Not Produced in Reciprocal Discovery (Doc. 492), and the government's Consolidated Motion in Limine (Doc. 494). The government responded to the motion to dismiss (Doc. 508), motion to admit polygraph results (Doc. 496), motion to sever (Doc. 353) and supplemental motion to sever (Doc. 510). Defendant Ronald Robert Evans, Jr. responded to the motion to permit a meeting with counsel (Doc. 520). Defendants did not respond in writing to the government's motions in limine set forth above.

On August 1, 2006, the Court held a hearing, during which the undersigned rendered oral rulings on many of these motions. The Court, however, did not rule on the record concerning the motion to sever (Docs. 303 & 509), the motion in limine to admit Ronald Robert Evans, Sr.'s polygraph test results (Doc. 453) or defendants' Objections to Magistrate Judge Marcia Morales Howard's Reports and Recommendations Regarding Motions to Suppress (Docs. 518, 476 & 495).

**I.     Motion to Sever**

Having reviewed Defendant Ronald Roberts Evans, Sr.'s ("Evans Sr.") motion to sever and the supplement thereto, the Court finds that all counts in the Fourth Superseding Indictment are properly joined under Rule 8(a), Federal Rules of Criminal Procedure. See United States v. Dowd, 451 F.3d 1244, 1249-50 (11th Cir. 2006); United States v. Hersh, 297 F.3d 1233, 1241-42 (11th Cir. 2002). Further, defendant failed to proffer and the Court could not discern any cognizable prejudice that would warrant a severance of any claim or claims charged in the Fourth

Superseding Indictment. See Fed.R.Crim.P. 14(a). Thus, the motion to sever is due to be denied.

## II.     Motion In Limine to Admit Polygraph Test Results

During the hearing, the parties agreed that if the Court was to deem Evans Sr.'s polygraph test results admissible under Daubert[3], but exclude it under Rule 403, Federal Rules of Evidence, the Court could forego the Daubert hearing and simply rule on the basis of Rule 403. The parties announced during the August 1 hearing that they rested on the arguments presented in their respective papers and declined to present any additional oral argument. While the Court has reviewed and considered the arguments contained in the parties' filings related to the polygraph test results, it is necessary to obtain a more complete evidentiary basis in order to either admit or exclude the polygraph evidence under Daubert, and to perform a sufficient Rule 403 analysis. Thus, the Court will hold a Daubert and Rule 403 hearing concerning the polygraph evidence on **Thursday, August 10, 2006,** after the conclusion of jury selection.

Accordingly, it is hereby **ORDERED**:

1.     Ronald Robert Evans, Sr.'s Second Motion to Sever Counts (Doc. 303) and Ronald Robert Evans, Sr.'s Supplemental Motion to Sever (Doc. 509) are **DENIED**.

---

[3]     Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993).

2. The ruling on Ronald Robert Evans, Sr.'s Motion In Limine to Admit Result of Polygraph Test (Doc. 453) is **DEFERRED** pending the **August 10, 2006** hearing.

3. Upon independent and de novo review of defendants' motions to suppress, defendants Ronald Robert Evans, Sr. and Jequita Dumbar Evans' Joint Objections to Magistrate Judge Marcia Morales Howard's Reports and Recommendations Regarding Motions to Suppress (Doc. 518) are **OVERRULED** and the Reports and Recommendations (Docs. 476 & 495) are **ADOPTED** as the opinion of the Court.  All motions to suppress (Docs. 249, 251, 258, 259, 331, 385 & 387) are **DENIED**.

4. For the reasons set forth on the record during the August 1, 2006 hearing, Ronald Robert Evans Sr.'s Motion to Dismiss the Clean Water Act Count (Count V in the Fourth Superseding Indictment) (Doc. 491) is **DENIED.**

5. For the reasons set forth on the record during the August 1, 2006 hearing, Ronald Robert Evans, Sr.'s Motion to Permit Counsel to Meet with Ronald Robert Evans, Jr., a Person Represented by Counsel (Doc. 517) is **DENIED**.

6. For the reasons set forth on the record during the August 1, 2006 hearing, the government's Motion to Exclude Evidence Not Produced in Reciprocal Discovery (Doc. 492) is held in **ABEYANCE.**

7. For the reasons set forth on the record during the August 1, 2006 hearing, the government's Consolidated Motion in Limine (Doc. 494) is **DENIED**

**WITHOUT PREJUDICE**.

**DONE AND ORDERED** at Jacksonville, Florida this 2nd day of August, 2006.

                                                                   TIMOTHY J. CORRIGAN
                                                                   United States District Judge

t
Copies: Counsel of Record