UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 3:05-cr-159-TJC-MCR

RONALD ROBERT EVANS, SR.  ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

**O R D E R**

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED WITHOUT PREJUDICE because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.[1]

Section 3582(c)(1)(A)'s exhaustion requirement is a firm prerequisite to filing a motion for compassionate release in district court, which is not subject

---

[1] Although Defendant at times cites § 3582(c)(2), that provision applies only where a retroactively applicable amendment to the sentencing guidelines would reduce a defendant's guidelines range. Defendant does not cite such an amendment. Rather, it is apparent that Defendant seeks a sentence reduction under § 3582(c)(1)(A).

to judicially created exceptions. United States v. Alam, 960 F.3d 831, 833-36 (6th Cir. 2020); United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

In his motion, Defendant neither alleges nor provides any indication that he attempted to exhaust his administrative remedies before filing the motion for compassionate release. (Doc. 1144). In its response, the United States asserts that "Defendant has not sought compassionate release from [the] BOP nor exhausted his administrative remedies." (Doc. 1146 at 1). Because Defendant has not satisfied § 3582(c)(1)(A)'s exhaustion requirement, the motion is due to be denied.

Moreover, Defendant's § 3582(c)(1)(A) motion is premature. The BOP released Defendant to home confinement under the CARES Act, where Defendant remains today. Although Defendant believes he may be reimprisoned, such a possibility is speculative and uncertain. As such, the relief Defendant seeks is premature at this time; Defendant's release to home confinement precludes a showing of "extraordinary and compelling" circumstances for a sentence reduction. See United States v. Gunn, No. 1:16-cr-10024, 2021 WL 719889, at *2–3 (C.D. Ill. Feb. 24, 2021).

Accordingly, Defendant's "Request for modification of sentence," construed as a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) (Doc. 1144), is **DENIED WITHOUT PREJUDICE**. Defendant may renew the motion if he is given a self-report date to return to prison (or otherwise taken back into BOP custody) and he has satisfied one of § 3582(c)(1)(A)'s exhaustion alternatives. See 18 U.S.C. § 3582(c)(1)(A).

**DONE AND ORDERED** at Jacksonville, Florida this 15th day of November, 2021.



TIMOTHY J. CORRIGAN
United States District Judge

Lc 19

Copies:
Counsel of record
Pro se defendant