# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

vs.                                           Case No.:    3:05-cr-159-TJC-MCR

RONALD ROBERT EVANS, SR.

_____/

## ORDER

This case is before the Court on Defendant Ronald Robert Evans, Sr.'s "Motion to Modify Supervised Release." (Doc. 1148). Defendant, who states that he "is currently serving a 65 month [term] of supervised release[]," asks the Court to "terminate his home confinement to just probation because of the effect it is having on his ability to earn a decent living." Id. Defendant contends that the Court has the power to order "early termination of his home monitoring pursuant to 18 U.S.C. [§] 3583(e)(1)." Id.

Although home confinement may be imposed as a condition of supervised release, that is not the situation here. Defendant is not currently serving a term of supervised release. Instead, according to the Bureau of Prisons (BOP), he is under a term of imprisonment until May 17, 2027. In July 2020, the BOP exercised its authority under the CARES Act to transfer Defendant to home confinement because of the COVID-19 pandemic. (See Doc. 1144 at 1; Doc. 1146 at 1–2). He has remained in home confinement since then under the watch of

1

Orlando RRM. Defendant apparently confuses his transfer to home confinement with being on supervised release. However, home confinement under the CARES Act is part of a defendant's term of imprisonment, not supervised release. See 18 U.S.C. § 3624(c)(2) (referring to an inmate serving the final stretch of his "term of imprisonment" in home confinement as a "prisoner"); United States v. Ko, 739 F.3d 558, 561 (10th Cir. 2014) ("[A] person is in the BOP's 'custody' while serving the remainder of a sentence in home confinement. While at home, the confinee is serving a 'term of imprisonment.'"). Transferring a prisoner to home confinement is simply "a change in the location and conditions of confinement." United States v. Read-Forbes, 843 F. App'x 131, 133 (10th Cir. 2021); cf. Touizer v. U.S. Att'y Gen., No. 21-10761, 2021 WL 3829618, at *2 (11th Cir. Aug. 27, 2021) (characterizing BOP's revocation of home confinement as bearing on the location of a prisoner's confinement).

Because Defendant is serving a term of imprisonment, not a term of supervised release, 18 U.S.C. § 3583(e)(1) gives the Court no authority to modify the conditions of his confinement. Therefore, Defendant's "Motion to Modify Supervised Release" (Doc. 1148) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this 2nd day of March, 2022.



TIMOTHY J. CORRIGAN
United States District Judge

lc 19

Copies:
Counsel of record
Pro se defendant